**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Christopher Lynn YOUNGER, aka Chris Younger, Defendant—Appellant.**

**No. 04–50219.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Sept. 2, 2005.

Robert McGahan, AUSA, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, CANBY, and BEEZER, Circuit Judges.

MEMORANDUM **

Christopher Younger appeals his sentence imposed under the pre-*Booker* Sentencing Guidelines. *See United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 745, 160 L.Ed.2d 621 (2005). Younger pleaded guilty to one count of conspiracy to deliver stolen treasury checks. 18 U.S.C. §§ 371, 510(b). The district judge increased Younger's sentence because she found that he caused over $800,000 in loss, raising his Guideline sentence to a minimum of twenty-four months in prison. Younger did not admit this fact in the plea agreement or otherwise. In fact, Younger hotly contested it.[1]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Though Younger challenged the district court's loss calculation, he did not raise a Sixth Amendment challenge to his sentence. Therefore, we review for plain error. *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir.2005) (en banc).

This case is subject to the limited remand procedure outlined in the recent *Ameline* decision because "it cannot be determined from the record whether the judge would have imposed a materially different sentence had [she] known that the Guidelines are advisory rather than mandatory." *United States v. Ameline,* 409 F.3d 1073, 1083 (9th Cir.2005) (en banc); *see also id.* at 1079 ("We surmise that the record in very few cases will provide a reliable answer to the question of whether the judge would have imposed a different sentence had the Guidelines been viewed as advisory.").

We accordingly vacate the sentence and remand for the limited purpose set forth in *Ameline.* The district court is to determine whether the sentence would have been materially different if the district court had known that the Guidelines were advisory rather than mandatory. *See id.* at 1085. If the sentence would not have been materially different, the district court shall reinstate the original sentence. If the sentence would have been materially different, the district court shall conduct a resentencing. *See id.*

SENTENCE VACATED and REMANDED.